```
                                                      U.S. DISTRICT COURT
                                                    NORTHERN DISTRICT OF TEXAS
                                                              FILED

                  United States District Court                JUL -1 2013

       NORTHERN              DISTRICT OF                 CLERK, U.S. DISTRICT COURT
                                                         by TEXAS
                                                                    Deputy
```

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AND SEARCH WARRANT FOR AUTHORIZATION TO OBTAIN LOCATION DATA CONCERNING A SPRINT-NEXTEL CELLULAR TELEPHONE | APPLICATION AND AFFIDAVIT FOR SEARCH WARRANT<br><br>CASE NUMBER: 3:13-MJ-400-BK |

I __Joseph Mathews__ being duly sworn depose and say:

I am a(n) __Special Agent with the Federal Bureau of Investigation (FBI)__ and have reason to believe the system that provides precise location data and other location-based information should be activated and monitored on (name, description and/or location)

   a Sprint-Nextel cellular telephone with number 325-212-0636

which is (state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)

   property that is being used to further, and evidence of, the drug trafficking activities of Paulina Mora and others,

concerning a violation of Title __21__ United States code, Section(s) __841(a)(1), 843(b) and 846__. The facts to support a finding of Probable Cause are as follows:
(See Attached Affidavit of Special Agent Joseph Mathews).

Continued on the attached sheet and made a part hereof.    XX Yes __ No

                                                    _____
                                                    Signature of Affiant
                                                    Joseph Mathews
                                                    Special Agent, FBI

Sworn to before me, and subscribed in my presence

__July 1, 2013__                    at    __Dallas, Texas__
Date                                      City and State

RENEE HARRIS TOLIVER
United States Magistrate Judge             _____
Name and Title of Judicial Officer         Signature of Judicial Officer

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORTHERN DISTRICT OF TEXAS
FILED
JUL - 1 2013
CLERK, U.S. DISTRICT COURT
by _____
    Deputy

IN THE MATTER OF THE
APPLICATION OF THE UNITED
STATES OF AMERICA
FOR AN ORDER AND SEARCH
WARRANT FOR AUTHORIZATION TO
OBTAIN LOCATION DATA
CONCERNING A SPRINT-NEXTEL
CELLULAR TELEPHONE

CASE NUMBER: 3:13-MJ-400-BK

FILED UNDER SEAL

## AFFIDAVIT

I, Joseph Mathews, a Special Agent with the Federal Bureau of Investigation (FBI), being duly sworn, deposes and states:

## INTRODUCTION

1. I am a "federal law enforcement officer" within the meaning of Federal Rule of Criminal Procedure 41(a)(2)(C), that is, a government agent engaged in enforcing the criminal laws, and am duly authorized by the Attorney General to request a search warrant. I have been a Special Agent with FBI for approximately three years, and have participated in all of the normal methods of investigation, including, but not limited to, electronic and visual surveillance, general questioning of witnesses, the use of search warrants, confidential informants, pen registers and Title-III wire interceptions.

2. Based on my training and experience investigating drug traffickers and interviews I conducted with defendants, informants, and other witnesses/participants in drug-trafficking activity, I am familiar with the ways in which drug traffickers conduct

1

their business, including: the various means and methods by which drug traffickers import and distribute drugs; the use of cellular telephones and calling cards to facilitate drug activity; and the use of numerical codes and code words to conduct drug transactions. I am also familiar with the ways in which drug traffickers conceal, convert, transmit, and transport their drug proceeds including, but not limited to, the use of carriers to transport currency and proceeds, and the use of third parties to purchase or hold title to assets.

3. I submit this affidavit in support of an application for an order pursuant to Federal Rule of Criminal Procedure 41, 18 U.S.C. § 2703(c)(1)(A), and 28 U.S.C. § 1651(a), directing Sprint-Nextel to assist agents of the FBI by providing all information, facilities and technical assistance needed to ascertain the physical location of Sprint-Nextel mobile telephone number **325-212-0636 ("TARGET DEVICE")**, subscribed to Paulina Mora, P.O. Box 54988, Irvine, CA 92619, but used by a yet-to-be-identified co-conspirator, including, but not limited to, data indicating the specific latitude and longitude of, geo location/enhanced 911 (Phase II) information, or signal timing/triangulation (or other precise location information concerning) of the TARGET DEVICE (the "Requested Information")[1] for a period of 30 days.

4. I am familiar with the facts and circumstances of the investigation set forth below through my personal participation; from discussions with other FBI agents and law enforcement; and from my review of records and reports relating to the investigation.

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET DEVICE at the start and end of any call.

Because this affidavit is submitted for the limited purpose of securing an order authorizing the acquisition of the Requested Information, I have not included details of every aspect of the investigation. Facts not set forth herein, or in the attached exhibits, are not relied on in reaching my conclusion that the requested order should be issued.

5. Probable cause exists to believe that the Requested Information will include evidence of violations of 21 U.S.C. § 841(a)(1) (possession of a controlled substance with intent to distribute); 21 U.S.C. § 843(b) (use of a telecommunication facility to facilitate a drug felony); and 21 U.S.C. § 846 (conspiracy to possess with the intent to a distribute controlled substance) (the "TARGET OFFENSES"), as well as evidence leading to the identification of individuals who are engaged in the commission of these offenses (including, specifically, the user of the TARGET DEVICE).

## PROBABLE CAUSE

6. On Wednesday, June 26, 2013, United States District Judge Ed Kinkeade of the Northern District of Texas signed an order authorizing the interception of wire communications over a cellular telephone utilized by an unidentified co-conspirator ("FNU LNU #1"), and interceptions began later that same day.

7. Pursuant to that wiretap, telephone conversations between FNU LNU #1 and the user of the TARGET DEVICE have since been intercepted discussing the distribution of cocaine and, specifically, the receipt of a load of narcotics and return of money back to Mexico.

8. On June 27, 2013, FNU LNU #1 was intercepted talking to the yet-to-be-identified co-conspirator who was using the TARGET DEVICE about a shipment of cocaine that the yet-to-be-identified co-conspirator had for FNU LNU #1. During these conversations, the user of the TARGET DEVICE tells FNU LNU #1 that he was calling on behalf of the man down there and that he had another three for FNU LNU #1. The yet-to-be-identified co-conspirator told FNU LNU #1 that the animal was leaving for down there and he wanted to know if the documents were ready. FNU LNU #1 told the yet-to-be-identified co-conspirator that he does not have it, but it should be Friday or Saturday. The yet-to-be-identified co-conspirator tells FNU LNU #1 that he will let the man down there know and see what he wants to do.

9. Based on the aforementioned phone call, agents believe that the user of the TARGET DEVICE asked FNU LNU #1 if the proceeds from the distribution of kilogram-quantities of cocaine were ready to be picked up, telling him that the individual who was taking the proceeds to Mexico was ready to leave. FNU LNU #1 responded that he did not have all the proceeds yet, but that he should by Friday or Saturday. The user of the TARGET DEVICE told FNU LNU #1 that he had "three more" for him – meaning three more kilograms of cocaine to distribute.

10. Pursuant to an administrative subpoena, on June 28, 2013, agents received subscriber and telephone tolls from Sprint for the TARGET DEVICE. Review of these records indicate that the TARGET DEVICE became effective on June 2, 2013, and has

been in use since then. The TARGET DEVICE is subscribed to Paulina Mora, P.O. Box 54988 Irvine, CA 92619.

11. It is believed that a subject of the investigation is using the TARGET DEVICE in furtherance of the above-listed offenses and the information likely to be obtained pursuant to the requested order is relevant to the ongoing criminal investigation of the aforementioned offenses. In addition, the TARGET DEVICE is a cellular or mobile telephone and is used in a variety of locations while the suspect commits the above-listed offenses. Agents make this request so that the user of the TARGET DEVICE may be positively identified, and that efforts may be made to interdict the load of cocaine that his phone calls suggest he has recently received.

## SUMMARY

12. Based on the foregoing, there is probable cause to believe that the Requested Information constitutes evidence regarding the activities described above. Pursuant to Federal Rule of Criminal Procedure 41, 18 U.S.C. § 2703(c)(1)(A), and 28 U.S.C. § 1651(a), it is requested that the Court issue a warrant and Order authorizing the acquisition of the Requested Information and directing Sprint-Nextel, the service provider for the TARGET DEVICE, to initiate a signal to determine the location of the TARGET DEVICE on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed order, and to furnish the technical assistance necessary to accomplish the acquisition unobtrusively and with a minimum of

interference with such services as that provider accords the user of the TARGET DEVICE, for a period of 30 days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

13. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the TARGET DEVICE outside of daytime hours.

14. IT IS FURTHER REQUESTED that the warrant, affirmation, and order, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against fugitives, and better ensure the safety of agents and others, except that working copies should be made available to the United States Attorney's Office, the FBI, and any other law enforcement agency designated by the United States Attorney's Office.

15. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant, or any extensions thereof, because there is reasonable cause to believe that

[Remainder of page intentionally left blank.]

providing immediate notification would seriously jeopardize the investigation and put active wiretaps in jeopardy.

_____
Special Agent Joseph Mathews
Federal Bureau of Investigation

Sworn to before me this ____ day of July, 2013.

_____
HON. RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF TEXAS

7